UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIVE ROSE,<br><br>    Petitioner,<br><br>v.<br><br>JOHN TSOUKARIS, et al.,<br><br>    Respondents. | Civil Action No. 16-5440 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Clive Rose, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer (ECF No. 2), the Government filed a response to the Petition. (ECF No. 6). Petitioner chose not to file a reply. For the following reasons, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner, Clive Rose, is a native and citizen of the United Kingdom who originally entered this country in 1975. (Document 1 attached to ECF No. 6 at 11). Petitioner thereafter became a legal permanent resident of the United States. (*Id.*). Throughout his time in this country, Petitioner has amassed a significant criminal history, which in relevant part includes March 2006 convictions for possession of cocaine in violation of N.J. Stat. Ann. § 2C:35-5(a)(1), and possession of cocaine with the intent to distribute in violation of N.J. Stat. Ann. §§ 2C:35-5(a)(1) and 2C:35-5(b)(2). (*Id.* at 11-57). On March 11, 2016, following his release from state custody, Petitioner was taken into immigration custody and placed into removal proceedings based on his criminal history. (*Id.* at

1

10-11). Petitioner has remained in immigration custody since that date. (*Id.*; Document 3 attached to ECF No. 6 at 2-6).

Petitioner was first scheduled to appear before the immigration courts on April 6, 2016, but that hearing was continued because of operational and security issues in the courts. (Document 3 attached to ECF No. 6 at 3). Petitioner was thereafter returned to the immigration court for a hearing on April 25, 2016, but requested a continuance so that he could acquire an immigration attorney to represent him. (*Id.*). Petitioner appeared before an immigration judge again on June 8 and July 13, 2016, but each hearing was continued again so that Petitioner could seek representation. (*Id.* at 3-4). Petitioner was scheduled for another hearing in August 2016, but that hearing was postponed because Petitioner was apparently not brought to the court by immigration officials for some unknown reason. (*Id.* at 4). Petitioner was, however, brought back to the immigration courts in both September and October 2016, but on each date again requested and was granted a continuance so he could continue to seek representation. (*Id.*). Petitioner was thereafter scheduled to return to the immigration courts on November 29, 2016. (*Id.*). Neither party has provided this Court with any information regarding what has occurred since November 29, 2016, however. Because no actual hearing had taken place as of November 2016, it is not clear what, if any, claims for relief from removal Petitioner may have from the record provided by the parties. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2

2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

Because it is clear from the record that Petitioner is being held based on his past criminal record and is not yet subject to a final order of removal, he is currently detained pursuant to 8 U.S.C. § 1226(c). The propriety of Petitioner's continued detention is therefore controlled by the Third Circuit's decisions in under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." 656 F.3d at 231. The determination of whether a given period of detention is reasonable under the circumstances is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. Under *Diop*, the reasonableness of a given period of detention is thus "a function of whether it is necessary to fulfill the purpose of the statute." *Id.*

Because the inquiry into the reasonableness of mandatory detention is fact specific, the *Diop* court did not provide a specific length of time beyond which a petitioner's detention would

become unreasonable based solely on the passage of time. See 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014). While the Third Circuit has refused to adopt a bright line rule for determining the reasonableness of continued detention under § 1226(c), the Court of appeals did provide guidance on that question in *Chavez-Alvarez*. In *Chavez-Alvarez*, the Third Circuit held that, at least where the Government has not shown bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore* [*v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

In this case, the Government argues that, while Petitioner has at this point been held for just under eleven months without a bond hearing, the facts of this matter are clearly distinguishable from those in *Chavez-Alvarez* and that Petitioner is therefore not entitled to relief through his current habeas petition. In making that argument, the Government specifically argues that Petitioner has been responsible for the vast majority of the delays in his immigration case, in each instance asking for more time to acquire a lawyer, and that because Petitioner has yet to acquire counsel after apparently trying to do so for months on end, Petitioner has yet to provide any basis for relief from removal and has thus not yet provided a good faith basis for disputing his removal before the immigration courts.

As this Court has explained:

> The question before this Court, then, is whether Petitioner's continued detention is distinguishable from the situation in *Chavez-Alvarez*. In that case, the Third Circuit specifically held that the reasonableness of a given period of detention does not rely solely on how the Government has conducted itself, and observed that the "primary point of reference for justifying [an] alien's confinement

4

> must be whether the civil detention is necessary to achieve the statute's goals: ensuring participation in the removal process and protecting the community from the danger [the alien] poses." 783 F.3d at 475. Thus, detention can become unreasonable even where the Government itself acted reasonably and is not responsible for the delays in the conclusion of an alien's immigration proceedings. *Id.*
>
> Turning to the question of whether reasonableness hinged on the way the Petitioner conducted himself in immigration proceedings, the *Chavez-Alvarez* panel did observe that "certain cases might be distinguishable [where the alien is] merely gaming the system to delay their removal," and that the aliens in such cases "should not be rewarded a bond hearing they would not otherwise get under the statute." *Id.* at 476. That panel, however, also observed that it did "not need to decide whether an alien's delay tactics should preclude a bond hearing" where the court did not conclude that the alien [acted] in bad faith. *Id.* Determining whether an alien has acted in bad faith is not a matter of "counting wins and losses," but instead is a fact specific inquiry requiring consideration of whether the alien has presented "real issues" in his immigration challenge, such as by raising factual disputes, challenging poor legal reasoning, raising contested legal theories, or presenting new legal issues. *Id.* "Where questions are legitimately raised, the wisdom of [the Third Circuit's] ruling in *Leslie* [*v. Att'y Gen. of the United States*, 678 F.3d 265, 271 (3d Cir. 2012),] is plainly relevant [and the court] cannot 'effectively punish' these aliens for choosing to exercise their legal right to challenge the Government's case against them by rendering 'the corresponding increase in time of detention . . . reasonable.'" *Id.* Thus, the conduct of the parties in a vacuum does not per se determine reasonableness, and the Court must weigh all available relevant information in determining whether the reasonableness "tipping point" has been reached.

*Cerda-Torres v. Green*, No. 16-4194, 2016 WL 7106023, at *2-3 (D.N.J. Dec. 6, 2016).

Petitioner's immigration proceedings are clearly distinguishable from both *Chavez-Alvarez* and *Leslie*. Although Petitioner has been held for a considerable period of time, nearly eleven months, it is clear that Petitioner is responsible for the vast majority of the delay in this matter, in each instance stating an intention to acquire legal counsel, but failing to do so despite several months' worth of continuances provided for that purpose. Likewise, because Petitioner has prevented his immigration proceedings from even *beginning* as of November 2016, and because

Petitioner has declined to file a reply brief in this matter, this Court cannot say that Petitioner has presented "real issues" in his immigration proceedings sufficient to indicate that he is not acting in bad faith in delaying his removal proceedings. *See Chavez-Alvarez*, 783 F.3d at 486. Instead, it appears that Petitioner's is just the sort of case which the *Chavez-Alvarez* panel observed would be distinguishable because Petitioner is merely "gaming the system to delay [his] removal" and Petitioner should therefore "not be rewarded a bond hearing [he] would not otherwise get under the statute." *Id.* Because Petitioner has delayed even the onset of his removal proceedings for months on end, and because Petitioner had, as of November 2016, failed to present any "real issues" to the immigration courts sufficient to show that he was acting in good faith in delaying his immigration proceedings, this Court finds that Petitioner's detention is distinguishable from that in *Leslie* and *Chavez-Alvarez*, and that Petitioner is therefore not entitled to a bond hearing at this time. *Id.* Petitioner's habeas petition shall therefore be denied without prejudice.

## III. CONCLUSION

For the reasons expressed above, this Court will deny Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge